IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RPOST HOLDINGS, INC. and RPOST COMMUNICATIONS LIMITED,<br><br>        Plaintiffs,<br><br>        v.<br><br>TREND MICRO INCORPORATED,<br><br>        Defendant. | Civil Action No. 2:13-cv-1065<br><br>Hon. Rodney Gilstrap<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF RPOST HOLDINGS, INC. AND RPOST COMMUNICATIONS LIMITED'S INITIAL DISCLOSURES IN FIRST-FILED NORTHERN DISTRICT OF CALIFORNIA LAWSUIT IN FURTHER SUPPORT OF TREND MICRO'S MOTION TO DISMISS AND TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

Plaintiffs RPost Holdings, Inc. and RPost Communications Limited (collectively "RPost") respectfully file this response to Defendant's Notice Of RPost Holdings, Inc. And RPost Communications Limited's Initial Disclosures In First-Filed Northern District Of California Lawsuit In Further Support Of Trend Micro's Motion To Dismiss And Transfer To The Northern District Of California.  Trend Micro's Notice impermissibly seeks to introduce allegedly new venue facts and new arguments after the close of briefing to support Trend Micro's Motion.  Trend Micro's Notice effectively constitutes a supplemental brief and plainly runs afoul this District's rules, which do not allow Trend Micro to submit additional facts and arguments supporting their motion after briefing has closed without seeking leave of Court.[1] Trend Micro's Notice is also factually inaccurate, misleading, and should be disregarded.

---

[1] *See* Local Civil Rule CV-7(f).

First, although RPost served its NDCAL Initial Disclosures after the close of briefing, none of the RPost witnesses identified in those disclosures—Zafar Khan, Dr. Terrance Tomkow, General Richard Pryor, Ray Owens, Jerry Silver, and John Fitzgerald—are new to Trend Micro or its attorneys.  Mr. Khan, Dr. Tomkow, and General Pryor are all identified as relevant witnesses in the briefing on Trend Micro's Motion.[2]  Dr. Tomkow is also the sole inventor of the patents-in-suit.[3]  Mr. Owens is the author of the two letters, which are attached to Trend Micro's Motion, that Trend Micro claims triggered declaratory judgment jurisdiction.[4]  Mr. Fitzgerald and/or his firm Fulwider Patton is listed as the attorney of record on the face of each of the patents-in-suit.[5]  Mr. Silver was deposed last year by Trend Micro's attorneys, who are the same attorneys as Adobe's attorneys in *RMail v. Amazon.com et al.*, 2:10-cv258-JRG (E.D. Tex.) ("the Amazon case"), as were Mr. Khan, Dr. Tomkow, and General Pryor.[6]  Thus, if Trend Micro wanted to argue or further argue the relevance of any of these witnesses to the transfer analysis in its Motion, then it had ample opportunity to do so.

Second, Trend Micro overstates the significance of RPost's NDCAL Initial Disclosures identifying RPost witnesses in California.  Not only has Trend Micro previously argued that RPost has witnesses in California, the five California RPost witnesses identified in RPost's NDCAL Initial Disclosures (Mr. Khan, Dr. Tomkow, Mr. Owens, Mr. Silver, and Mr. Fitzgerald) are located in the Central District of California, not the NDCAL where Trend Micro wants to transfer this case, and all reside over 400 miles from the NDCAL courthouse.

Third, RPost's NDCAL Initial Disclosures are not inconsistent with the fact that RPost Holdings and RPost Communications do not have offices in California.  Non-party RPost US has

---

[2] *See, e.g.,* Dkt. No. 12 at p. 2-3, 11; Dkt. No. 15 at p. 5; Dkt. No. 17 at p. 7.
[3] Dkt. Nos. 1-1 – 1-6.
[4] Dkt. No. 10-3 at Exs. A and B.
[5] Dkt. Nos. 1-1 – 1-6.
[6] Exhibit A.

an office at 6033 W. Century Boulevard, Los Angeles, California, not RPost Holdings or RPost

Communications.  As explained in RPost's Opposition, RPost Holdings has an office in this

District at 555 Republic Drive #200, Plano, Texas 75074 and RPost Communications has an

office at 69, Pits Bay Road Pembroke, HM 08 Bermuda.[7]  Thus, Trend Micro's attempt to rehash

its arguments regarding the office location of these entities should be rejected.

Finally, Trend Micro fails to inform the Court that its own NDCAL Initial Disclosures,

which are attached as Exhibit B, do not identify any Trend Micro or third party witnesses located

in the NDCAL.  Thus, Trend Micro's NDCAL Initial Disclosures undermine its declarant, John

Chen (Dkt. No. 10-1), and its arguments that there are relevant party and third party witnesses

located in the NDCAL.  To the extent that the Court considers RPost's NDCAL Initial

Disclosures, which it should not, then RPost respectfully requests that the Court consider Trend

Micro's NDCAL Initial Disclosures as well.

---

[7] Dkt. No. 12 at p. 3 and 11.

Respectfully Submitted,

Dated:  April 17, 2014

By: /s/ Lewis E. Hudnell, III
Winston O. Huff, State Bar No. 24068745
Deborah Jagai, State Bar No. 24048571
W.O. Huff & Associates, PLLC
302 N. Market Street, Suite 450
Dallas, Texas 75202
214.749.1220 (Firm)
469.206.2173 (Fax)
whuff@huffip.com
djagai@huffip.com

Lewis E. Hudnell, III
Hudnell Law Group P.C.
375 Park Avenue Suite 2607
New York, New York 10152
Tel: 212.634.6866
Fax: 347.772.3034
lewis@hudnelllaw.com

 ATTORNEYS FOR PLAINTIFFS

5

## CERTIFICATE OF FILING

I certify that on April 17, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.


/s/ Lewis E. Hudnell, III